**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BENIGNO PINA IBARRA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1086-J |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Benigno Pina Ibarra, a citizen of Mexico, is currently in the custody of the Department of Homeland Security (DHS).  He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release [Doc. No. 1].  The matter was referred to United States Magistrate Judge Shon T. Erwin who issued a Report and Recommendation [Doc. No. 10] recommending that the Court:  (1) grant, in part, the Petition by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period, and (2) order Respondents to certify compliance by filing a status report within seven business days of the Court's order.  Respondents filed a timely Objection [Doc. No. 11], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner is a citizen of Mexico who entered the United States in approximately 1999 and has lived in this country since that time.  On April 14, 2026, Petitioner was arrested by a member of the Blaine County Sheriff's Office during a traffic stop and was transported to the Logan County Jail upon discovery by the officer that Petitioner was present in the United States illegally.  On April 15, 2026, DHS officials took custody of Petitioner and placed him into removal proceedings

before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. §1182(a)(6)(A)(i) as someone who entered the United States without having been admitted or paroled.  Petitioner is currently detained in the Cimarron Correctional Facility.

Although continuing to assert their belief that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), Respondents concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. 2026) "compels a different outcome."  Obj. at 1.  In that case, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  *Santillan Quiroz*, 2026 WL 1876709, at *5; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility*, No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026).  Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the Immigration and Nationality Act.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 10] and GRANTS Petitioner's Petition for Writ of Habeas Corpus in part as follows:  Respondents are ordered to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release Petitioner if he has not received a hearing within that period. Respondents shall certify compliance within seven (7) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 23rd day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE